PROPRIETORS OF MAINE WHARF, in equity,

*vs.*

PROPRIETORS OF CUSTOM HOUSE WHARF.

Cumberland.   Opinion December 14, 1892.

</div>

*Waters.   Adjoining proprietors.   Judgment.   Injunction.   Damages.*

Where a divisional line between adjoining riparian proprietors has been settled in a suit at law so far as the line runs from high to low water mark, the record of that suit is at least a *prima facie* settlement by law of the relative rights of property which the same parties possess beyond low water mark in deep water.

Equity will restrain by injunction one riparian proprietor from maintaining a narrow strip of his wharf in deep water below low water line in front of another proprietor's wharf, when the nuisance is permanent and the injuries caused by it, though small, are frequent and annoying, not easily measurable or adequately compensated for by actions of law.

IN EQUITY.

This was an appeal from a final decree in equity rendered by the court below, in favor of the complainant, where there was a hearing upon the bill and defendant's demurrer.

The case made by the bill and admitted by the demurrer, shows that plaintiff and defendant are adjoining owners of land and flats in Portland, on tide waters, the land of plaintiff being easterly of that of the defendant; that the line between them is established and undisputed, and is known as the Robinson line; that each has a wharf upon its own land extending into the harbor to the harbor commissioners' line in deep water; that complainant, and its predecessors in title, have enjoyed without interruption for more than thirty years unimpeded egress and ingress to and from its land and flats for the whole width of the same, to and from the deep waters of the harbor at the harbor commissioners' line;

That in the year 1889 the defendant, by their president, Peleg Barker, built another wharf from the shore to a point about fifty feet below low water mark, into and towards the deep water of the harbor; that said wharf extended over and upon plaintiff's land about two feet for its whole length, being about fifty feet to low water mark and about fifty feet beyond low water mark;

That John F. Randall, who was then the owner of the land and flats now owned by complainants, brought an action against said Peleg Barker, who in fact built said wharf for said defendant and as its president, and recovered judgment in said action for the encroachment of said defendant's wharf from the shore to low water mark;

That, thereafterwards, said defendant cut off and removed so much of said wharf as was upon said Randall's, now complainants', land from the shore to or near low water mark; but the said defendant has ever since maintained all that part of said wharf below low water mark, which extends easterly over the westerly line of said complainants', extended from low water mark to the harbor commissioners' line; and thereby the plaintiff is impeded and obstructed in the use and enjoyment of their said land, flats and wharf; and complainants pray that said obstruct-

ion below low water mark, which extends easterly over the westerly line of complainants may be removed;

Complainants claimed that the obstruction is not only a public nuisance, but occasions special and peculiar damage to the plaintiff in the use of its property other and different from the public injury.

*Strout, Gage and Strout,* for plaintiff.

*Symonds, Snow and Cook,* for defendant.

A court of equity will not undertake to decide whether a nuisance in fact exists, but will require the plaintiff to fully establish his rights at law.

"When the thing already exists, it should be decided in a trial at law to be a nuisance before chancery interferes to abate it." *Porter* v. *Witham,* 17 Maine, 292; *Varney* v. *Pope,* 60 Maine, 192; *Eastman* v. *Amoskeag Manf'g Co.* 47 N. H. 71.

An injunction will not be granted under the general equity powers of the court, to restrain a nuisance, unless the complainant's rights have been settled in a suit at law, or long enjoyed without interruption, or unless there is imminent danger that the threatened injury will result in irreparable damage. *Porter* v. *Witham,* 17 Maine, 292; *Jordan* v. *Woodward,* 38 Maine, 423; *Morse* v. *Machias Water, &c., Co.* 42 Maine, 119; *Manufacturing Co.* v. *Warren,* 77 Maine, 437.

There is no averment in the bill that the rights of the parties below low water mark have ever been determined in a suit at law, or that they have hitherto been directly in issue in any legal process; or that the line between the land and flats of the complainant, and the land and flats of the respondent has ever been fixed below low water mark, either by an action at law; or by long enjoyment without interruption; or that the danger is imminent.

Legal remedy: *Haskell* v. *Thurston,* 80 Maine, 129; *Paper Co.* v. *Manf'g Co.* 74 Maine, 116; R. S., c. 17, § § 12, 13, 16.

PETERS, C. J. The complainants and respondents are coterminous proprietors of upland and adjacent flats in the harbor

of the city of Portland, having wharves on their respective properties. The respondents, in extending the structures on their premises towards the sea, built a wharf over the line between themselves and their neighbors about two feet upon the latter's land. A litigation ensued between the parties over the true location of the divisional line between them which settled the question in favor of the complainants. Thereupon the respondents removed so much of their wharf as was built upon the complainants' land, the removal not however extending seaward below low water line. The result therefore is that the respondents now maintain their wharf upon the true line as far outward from the upland as low water mark, and from that point outward into deep water they still maintain their wharf for a space of two feet in width in front of complainants' land. Of this obstacle in front of the complainants' property they complain, and ask that the respondents be compelled to remove the same. Upon these facts and other facts stated in the bill, we think the prayer of the bill should be granted.

The respondents urge objections to the complainants' claim.

First : That a remedy at law should be first resorted to. This proposition is, that a court of equity will not undertake to restrain or remove an alleged nuisance until a court of law has first established the existence of the nuisance ; excepting where an immediate and irreparable injury be threatened, or the complainants are deprived of the use of property long enjoyed by them without question or interruption. The answer to this objection is, that the right of the complainants has been substantially and sufficiently settled by the law. To be sure, the legal controversy was commenced by an action of trespass in which the allegation was that the respondents had encroached upon the land of the complainants (or their predecessors in title) by an erection thereon extending from high to low water mark. But when the court settled the rights of the parties, so far as pertaining to land or flats above low water mark, it settled their relative rights with each other beyond low water mark. The one case settles the other. It is really but one controversy, nothing appearing to indicate the contrary. The presumption

is that an owner of land fronting on the sea has, as such owner, the right of egress and ingress from and to his land over deep water for the whole width of such frontage. The bill asserts such a legal right of the complainants and the demurrer confesses ·it.

Another objection against the bill is that it discloses facts from which it is clearly perceivable that the complainants have a complete and adequate remedy at law for all supposable injury suffered by them. That is not so. Frequent annoyances may be occasioned by the encroachment which would be remediless at law. The injuries may be small, but would be many, and not easily measurable in damages. And the disfiguration caused by the overlapping structure, if allowed to remain, would be a blemish upon complainants' property. Furthermore, the complainants desire to have their premises clear of all unauthorized occupation or obstruction and are entitled to have them so.

Equity will restrain the continuance of a nuisance by injunction whenever substantial damages might be recovered at law, or when the nuisance is permanent, however small the damages. *Crump* v. *Lambert*, L. R. 3 Eq. 409 ; *Atty. Genl.* v. *Sheffield Gas Co.* 3 DeG. M. & G. 304. And see cases cited in note in last case.	*Demurrer overruled.*

WALTON, VIRGIN, LIBBEY, FOSTER and HASKELL, JJ., concurred.